# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND A. JONES,<br><br>Plaintiff,<br><br>v.<br><br>MAILROOM OFFICIALS, et al.,<br><br>Defendants. | **Case No. 1:17-cv-00281-AWI-SKO (PC)**<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT**<br><br>**(Doc. 1)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Garland A. Jones, a state prisoner is proceeding *pro se* and *in forma pauperis* in this action under to 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The exhaustion requirement applies to all suits relating to prison life. *Porter v. Nussle*, 435 U.S. 516 (2002).

In the Complaint, Plaintiff alleges that his legal mail has been frequently opened. Plaintiff checked the boxes on the form complaint indicating that administrative remedies are available at the institution. (Doc. 1, pp. 3-5.) However, he checked the boxes that he did not submit a request

1

| | |
|---|---|
| 1 | for administrative relief on any of his claims as well as the boxes indicating that he did not appeal |
| 2 | his request for relief, on any of his claims, to the highest level.  (*Id.*)  In his explanation, Plaintiff |
| 3 | wrote "Initial request for administrative relief monetary have filed complaints." (*Id.*)  This does |
| 4 | not adequately explain why Plaintiff did not appeal the issues in his claims to the highest level. |
| 5 | It, therefore, appears that Plaintiff filed suit prematurely, without first having exhausted available |
| 6 | administrative remedies in compliance with section 1997e(a).  *Wyatt v. Terhune*, 315 F.3d 1108, |
| 7 | 1120 (9th Cir. 2003) ("A prisoner's concession to non-exhaustion is a valid ground for dismissal. |
| 8 | . . ."). |
| 9 | Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** from the date of |
| 10 | service of this order why this action should not be dismissed, without prejudice, for his failure to |
| 11 | exhaust administrative remedies prior to filing suit.  **Plaintiff is warned that failure to timely** |
| 12 | **respond to this order will result in dismissal of this action for Plaintiff's failure to obey a** |
| 13 | **court order.** |
| 15 | IT IS SO ORDERED. |
| 16 | Dated:   **August 15, 2017**              /s/ *Sheila K. Oberto*        |
| 17 | UNITED STATES MAGISTRATE JUDGE |