# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND A. JONES,<br><br>            Plaintiff,<br><br>     v.<br><br>GHILARDUCCI, et al.,<br><br>            Defendants. | Case No. 1:17-cv-00281-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE**<br><br>**(Doc. 20)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## **FINDINGS**

### A.    Background

Plaintiff, Garland A. Jones, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. As discussed below, Plaintiff fails to state a cognizable claim upon which relief may be granted. Despite having been provided the pleading and legal standards for his alleged claims and having received repeated opportunities to amend his complaint, Plaintiff continues to set forth generalized conclusions instead of alleging specific facts. His amended pleading includes additional legal terminology and phrases and he now appears to allege that several of the named defendants violated his rights at several prison facilities. It therefore appears that Plaintiff is unable to cure the defects in his pleading. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

### B.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## DISCUSSION

### A.  Plaintiff's Allegations in the Second Amended Complaint ("SAC")

Although Plaintiff is currently incarcerated at the R.J. Donovan Facility in San Diego, California, his allegations are based on circumstances that allegedly occurred at Valley State Prison ("VSP"); Corcoran State Prison ("CSP"); Mule Creek State Prison ("MCSP"); and the Substance Abuse and Treatment Facility ("SATF").[1] Plaintiff names Ghilarducci, Warden, Supervisor Saucedo, Supervisor Dowdy, Mailroom Officials, and Associate Wardens R.L. DaViega and C. Huenabay as Defendants, and seeks the "maximum amount of compensation" available.

Plaintiff's first claim is listed as "Free speech due process filing of appeal, cruel and unusual punish, violation locked up over safe amount of time, put safety in danger placed in retaliatory inmanies (sic) vicinity, severe grievance punish, access to courts - loss of legal team did to stop & silence, due process - freedom from cruel unusual punishment - medical care." (Doc. 20, p. 3.) Plaintiff states that unknown mailroom workers opened his legal mail and other correspondence. Plaintiff alleges that "Ghilarducci knew of violations by (1) filing of appeals (1A) viewing of appeals (2) knew of subordinates deliberate indifference - didn't stop actions of repeated violations of obligations mishandling mail by Warden subordinates & supervisors Saucedo and Dowdy (2A) breached act which caused injury headaches - monetary (responsibility) (3) viewed appeals & documents failed to take corrective action allowing

---

[1] Plaintiff also alleges that Ghilarducci is employed at CSP, VSP, and MCSP; that Saucedo and Dowdy are employed at MCSP, CSP, and VSP. It is facially implausible that any prison employee has been engaged in nefarious acts against Plaintiff at multiple facilities. Plaintiff fails to state *any* allegations relating to his transfer between these facilities or establish any basis to support a finding that any of the named defendants worked at multiple facilities.

violations of subordinates to - continue should have known. II. Claim Wardens knew violations by (1) filing of appeals and 22s, knew of violations by sent documents appeals 22s, knew of Ghilarducci & supervisors Dowdy and Sauceda by documents, complaints also knew of violations didn't stop continued actions, didn't uphold Plaintiff's privacy - knew of data breach with leakage of personal information (1A) Secondly inmate appeals information caused hardships of harassment, Ad Seg, locked up violating amounts of time, threats by inmates." (*Id.*, pp. 3-4.)

Plaintiff's second claim is listed as "due process - access to courts my appeals weren't answered which made it difficult to pursue because of retaliation to ordinary incidents - allows officials knowledge of violations and allowing it to continue repeated incidents - due process." (Doc. 20, p. 4.) In this claim, Plaintiff again states that "Due process appeals kept Plaintiff from having solutions or affirmation to problem at hand - which a plaintiff may state a claim for the supervisor knowledge of constitutional conduct by their subordinates by appeals and failed to correct allowing continuing violations to continue which each Defendant Ghilarducci, Warden, Saucedo, Dowdy (supervisors) were all in violation of acts of not answering all appeals, supervisor liability - non took corrective steps to stop violations - It was legal mail unopened in Plaintiff's presence it placed a hardship, destroyed program, loss finances, threat to harm by acts carried through, Ad-Seg - Harmful amount of lockup physical injuries headaches, physcological, had a causual link to each allegation and injury which caused loss of legal petitions - and firms - destroyed, reputation - Allienation by individuals - exposed sensitive information - social security license #'s which also caused lapse in Equal Protection and discriminations in programs, positions, pay, jobs taken away given to others (laundy - visiting) insufficient medical services legal library services, imperfect copying of legal documents materials by library workers & supervisors - exhibits not required at this time but have exhibits to every situation and allegation." (*Id.*, pp. 4-5.)

As illustrated by the above excerpts,[2] Plaintiff's allegations consist of disjointed generalized conclusions which do not contain facts sufficient to state cognizable claims or link any act or failure to act by any of the named defendants to a violation of Plaintiff's constitutional

---

[2] These are verbatim excerpts from the SAC.

3

rights.  Despite having been informed of this defect in his pleading and having been provided the specific standards in the Second Screening Order, Plaintiff fails to set forth any allegations to show specific instances of violation of his constitutional rights.  Although Plaintiff has twice received the pleading and legal standards for his claims (*see* Docs. 13, 17), the SAC does not rectify even one of the previously identified pleading deficiencies.  It therefore appears that Plaintiff is unable to state any cognizable claims and need not be given further opportunity to attempt to correct the errors in his pleading.  *Akhtar*, 698 F.3d at 1212-13.

Further, the original Complaint only alleged mishandling of Plaintiff's legal mail.  (*See* Doc. 1.)  The First Amended Complaint alleged mishandling of Plaintiff's legal mail, mishandling of Plaintiff's inmate appeals thereon, and failure to intervene by prison supervisors. (*See* Doc. 14.)  Plaintiff's claims in the SAC, as listed above, have expanded far beyond his previously identified claims, (*Compare* Doc. 20, pp. 3 & 4 with Doc. 1 & Doc. 14), which exceeds the scope of leave to amend that was granted to Plaintiff.  (*See* Doc. 17, p. 16 ("Plaintiff may not change the nature of this suit by adding new, unrelated claims in a second amended complaint." (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints)).)

The extended constitutional violations listed by Plaintiff in the SAC appear to be nothing more than a last-ditch effort to list as many types of constitutional claims in hopes that one may provide a basis upon which he may be allowed to proceed.  The Court declines to expend its limited resources in reviewing and discussing the application of legal standards to claims that are clearly new and unrelated based simply on Plaintiff listing them—particularly since Plaintiff does not state factual allegations pertaining to his original claims, let alone *any* factual allegations pertaining to the newly listed claims to show that they are related to his original claims in this action.

**B.     Pleading Requirements**

**1.     Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  *Swierkiewicz v. Sorema N. A.*, 534

4

U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff fails to state anything other than conclusory statements. Plaintiff does not set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557. The persistent problem with Plaintiff's pleading remains that it contains almost no factual allegations to support his general conclusory statements.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

As discussed in greater detail below, the Second Amended Complaint ("SAC") contains only generalized allegations of wrongdoing which are insufficient to state any cognizable claims. Plaintiff was instructed in the prior screening orders that he must state which of his constitutional

rights he believes were violated by each Defendant and must set forth all the facts that support each of his contentions. (*See* Docs. 13, 17.) Despite this direction, the SAC is replete with legal conclusions and phrases and virtually devoid of any specific factual allegations.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation of
> any rights, privileges, or immunities secured by the Constitution . . .
> shall be liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Despite having received this standard in the prior screening orders, Plaintiff fails to link *any* named Defendants to *any* specific factual allegations sufficient to state a cognizable claim. The Second Amended Complaint does not clearly identify which Defendant Plaintiff believes is responsible for each violation of his constitutional rights and the supporting factual basis. Simply stating that supervisory defendants were aware of various incidents based on having seen Plaintiff's inmate appeals does not suffice to put any Defendant on notice of Plaintiff's claims against him or her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

//
//

**B.    Legal Standards**

    **1.    Legal Mail**

Inmates have a protected First Amendment interest in having properly marked civil legal mail opened only in their presence. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204 (9th Cir. 2017). "[A] plaintiff need not allege a longstanding practice of violating his First Amendment rights in order to state a claim for relief on a direct liability theory." *Id.*, at 1212. "Two or three pieces of mail opened in an arbitrary or capricious way suffice to state a claim." *Id.*, at 1211 (quoting *Merriweather v. Zamora*, 569 F.3d 307, 318 (6th Cir. 2009)) (internal quotations omitted). However, the First Amendment does not prohibit opening mail from the Unites States courts outside the recipient's presence, since it is not legal mail. *Hayes*, 849 at 1211. The Sixth Amendment prohibits guards from reading prisoner legal mail, and protects the right of a prisoner to be present while legal mail relating to criminal proceedings is opened. *Mangiaracina v. Penzone,* 849 F.3d 1191 (9th Cir. 2017). However, merely negligent conduct on the part of prison officials is not sufficient to state a claim. *Id.* Plaintiff fails to identify any mail he received to determine whether this mail qualified as legal mail, or set forth any factual allegations upon which to find that the mail was not handled properly. Nor does Plaintiff identify who he believes mishandled the mail to sufficiently link this claim to any of the named defendants.

    **2.    Inmate Appeals**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in

processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal generally cannot serve as the basis for liability under a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005) *accord George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir.1996).

However, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v. Baca,* 652 F.3d 1202, 1207 (2011). The prior screening orders informed Plaintiff that such knowledge and acquiescence may be shown via the inmate appeals process where the supervisor was involved in reviewing an applicable inmate appeal and failed to take corrective action, thereby allowing the violation to continue. Plaintiff was also informed that such involvement in processing and/or reviewing an inmate appeal based on one incident is insufficient. Plaintiff changed his allegations in the SAC to generally allege that supervisors repeatedly saw his inmate appeals. However, even repeatedly seeing an inmate's appeals on various circumstances, without factual allegations to show any situation that amounted to a cognizable violation of Plaintiff's rights, does not state a claim against a supervisor who repeatedly saw those inmate appeals.

### 3. Supervisory Liability

It also appears that Plaintiff seeks to hold supervisory prison personnel liable simply because of their positions. Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* -- when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under this theory, Plaintiff was informed that he must allege some facts that would support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

A plaintiff "must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991) (internal quotation marks omitted) (abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d

1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted). As noted above however, this form of liability requires that the underlying acts of the supervisor's subordinates amount to a cognizable violation of Plaintiff's constitutional rights. Here, Plaintiff fails to state any factual allegations to state a cognizable claim for violation of any of his constitutional rights against any of the named defendants—let alone show knowledge by any of the supervisory defendants.

### 4. Retaliation

The First Amendment protects inmates from retaliation for engaging in protected conduct. A retaliation claim has five elements. *Waitson v. Carter*, 668 F.3d 1108, 1114-1115 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).

First, the plaintiff must allege that the retaliated-against conduct is protected. *Id.* The filing of an inmate grievance is protected conduct, *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005), as are the rights to speech or to petition the government, *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Second, the plaintiff must show the defendant took adverse action against the plaintiff. *Rhodes*, at 567. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Waitson*, 668 F.3d at 1114. Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Robinson*, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution. . . ." *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985).

As noted above, while Plaintiff need only allege facts sufficient to support a plausible claim for relief, the mere possibility of misconduct is not sufficient, *Iqbal*, 556 U.S. at 678-79, and the Court is "not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus,

10

Plaintiff's mere allegations that supervisors saw his inmate appeals—without factual allegations showing resultant animus and adverse actions by a defendant—are insufficient to show that Plaintiff's protected activity was the motivating factor behind a defendant's actions. Additionally, simply because someone holds a supervisory position does not equate to knowledge of every, or even any, inmate appeal Plaintiff filed at a facility. Further, even though Plaintiff states he was placed in the vicinity of an enemy and was held in Ad-Seg for a long time, which may both be seen as adverse actions, Plaintiff fails to link either of these acts to any of the named defendants, let alone show factual basis for a defendant to have taken these actions based on Plaintiff's protected activities instead of legitimate penological goals. As such, Plaintiff does not state a cognizable retaliation claim.

## **CONCLUSION & RECOMMENDATION**

Despite having been provided repeated opportunities to amend his pleading, Plaintiff's Second Amended Complaint contains only generalized legal conclusions and fails to set forth factual allegations to support his claims. Given that the Second Amended Complaint suffers from the same defects as Plaintiff's prior two pleadings, it appears futile to allow further amendment. Plaintiff should not be granted leave to amend as the defects in his pleading are not capable of being cured through amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 31, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE