# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARLAND A. JONES, | Case No. 1:17-cv-00281-LJO-SKO (PC) |
| Plaintiff, | Appeal No. 19-15345 |
| v. | ORDER DENYING PLAINTIFF'S REQUEST FOR TRANSCRIPT |
| MAILROOM OFFICIALS, et al., | (Doc. 30) |
| Defendants. | |

Plaintiff, Garland Jones, a state prisoner proceeding *pro se* and *in forma pauperis*, filed suit pursuant to 42 U.S.C. § 1983. On January 9, 2019, an order issued dismissing this action based on Plaintiff's failure or inability to state a cognizable claim, and judgment was entered. (Docs. 22-25.) Plaintiff filed a notice of appeal, and on April 2, 2019, Plaintiff filed a "Transcript Order" seeking copies trial transcripts. (Doc. 30.)

A litigant who has been granted *in forma pauperis* status may move to have transcripts produced at government expense. Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding *in forma pauperis*.

> (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the

record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984). Here, the Court does not find that Plaintiff's appeal presents any substantial issues. This action was also resolved at the screening stage, so no trial took place and no transcripts exist to copy for Plaintiff, and the Ninth Circuit has electronic access to and may review all documents filed in this action.

Based on the foregoing, Plaintiff's request for copies of a transcript, filed on April 2, 2019, (Doc. 30), is HEREBY DENIED. The Clerk's Office shall serve a copy of this order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: **April 4, 2019** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE